**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JESSE ACKLES, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-cv-08175 |
| vs. | ) ) ) | |
| H & R ACCOUNTS, INC. d/b/a AVADYNE HEALTH, | ) ) ) | Jury Demanded |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Jesse Ackles, on behalf of himself and a putative class, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA and FDCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

2. This Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Defendant is an Illinois Corporation, does business in this District, made the calls that are the subject of this lawsuit to Plaintiff and others in this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## STANDING

1

3. Defendant placed calls to Plaintiff's cell phone using an automated dialer and pre-recorded message without his consent.

4. Plaintiff has a congressionally defined right to be free of automated calls to his cell phone for which he has not given his express consent.

5. Plaintiff has thus suffered an injury as a result of Defendant's invasion of his privacy, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

6. Plaintiff also has a congressionally defined right to be free of false and misleading debt collection tactics.

7. Plaintiff has also suffered an injury as a result of Defendant's false and misleading telephone calls, which is sufficient to confer Article III standing.

**PARTIES**

8. Plaintiff Jesse Ackles is a natural person who resides in this District.

9. Defendant, H & R Accounts, Inc. d/b/a Avadyne Health ("Avadyne") is an Illinois corporation.

10. Avadyne's registered agent is C T Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois, 60604.

11. Avadyne does or transacts business in Illinois.

12. Avadyne's principal purpose is the collection of debts by healthcare providers and it uses the mail and wires to collect debts those debts.

13. Avadyne regularly collects, directly and indirectly, debts owed or due or asserted to be owed or due to healthcare providers from consumers.

## FACTS

14. In or around August 2019, Plaintiff sought and received medical treatment from St. Alphonsus hospital in Boise, Idaho.

15. Plaintiff failed to make payments on his hospital bill, and the debt went into default.

16. St. Alphonsus later retained Avadyne to collect the defaulted medical debt.

17. Plaintiff received at least two calls on his cellphone in November 2019 and December 2019 regarding the alleged debt.

18. Plaintiff did not pick up the first call, and the call was sent to his voicemail.

19. Defendant had left a lengthy voicemail regarding a patient medical account and provided a call back number, 844-261-7267, and website address: paymentcenteronline.com.

20. On information and belief, Avadyne owns and controls the phone number and website.

21. The telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *E.g. Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.*, 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC*, 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D.Va., June

12, 2006); *Belin v. Litton Loan Servicing, LP*, 8:06- cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

22. The first call was the initial communication made by Avadyne regarding the medical debt.

23. The message does not identify Avadyne as the caller and only states they are calling, "on behalf of St. Alphonsus health systems, patient accounts."

24. Avadyne does not disclose that they are a debt collector; that they are calling to collect a debt; and that any information obtained will be used for that purpose as is required by the FDCPA, 15 U.S.C. § 1692e(11).

25. The voicemail was a prerecorded message.

26. Plaintiff picked up the second call and the caller immediately played a prerecorded message similar or identical to the one left on his voicemail. The second message did not disclose it was from a debt collector as is required by the FDCPA, 15 U.S.C. § 1692e(11).

27. Use of a prerecorded message indicates the use of an autodialer – a combination of hardware and software that can dial thousands of phone numbers with no human intervention.

28. On information and belief, such equipment also has the ability to produce numbers using a random or sequential number generator and to call those numbers.

29. Defendant knew about the TCPA before making the calls to plaintiff and the class, but made these autodialed and pre-recorded calls to cellular phones in spite of such knowledge.

30. The telephone calls were annoying to Plaintiff, invaded Plaintiff's privacy interests, and temporarily blocked use of his cellular telephone line for other potential callers.

31. The telephone calls were intentionally, willfully and knowingly initiated.

32. The telephone calls were not initiated by accident or mistake.

33. The telephone calls were not made for emergency purposes.

## **CLASS ACTION ALLEGATIONS – TCPA**

34. Plaintiff brings this action on behalf of a class consisting of:

**Automatic Telephone Dialing System Class**
All persons in the United States whose cellular telephone number, on or after four years prior to the filing of this action, Avadyne called using the same or similar dialing system used to call Plaintiff, where such calling occurred without the person's permission.

35. Plaintiff additionally brings this action on behalf of a subclass consisting of:

**Prerecorded Voice Class**
All persons in the United States whose cellular telephone number, on or after four years prior to the filing of this action, Avadyne called using a prerecorded voice message to call Plaintiff, where such calling occurred without the person's permission.

36. Upon information and belief, in the four years prior to the filing of this action, there were more than 100 persons whose cell phone number Avadyne called without permission using the same equipment used to call Plaintiff.

37. Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

　　a. Whether the calls to Plaintiff and the class were made using an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

5

b. Whether the calls to Plaintiff and the class were made using a prerecorded message as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

c. Whether Avadyne had prior express consent to the cell phone numbers of Plaintiff and the other members of the class; and

d. Damages, including whether any violations were performed willfully or knowingly such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

38. Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases of Avadyne's liability to Plaintiff and the other members of the class are the same: Avadyne violated the TCPA by causing automated calls to be made to the cellular telephone number of each member of the class, without permission.

39. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and he has retained counsel competent and experienced in class and complex litigation.

40. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of class members, such that joinder of all members is impracticable.

41. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

42. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

43. The identity of the class is, on information and belief, readily identifiable from Defendant's records.

## CLASS ACTION ALLEGATIONS – FDCPA

44. Plaintiff brings this claim on behalf of the following class:

**FDCPA Class**
All persons in the United States who were contacted by Avadyne health regarding a personal medical debt and who received a voicemail or listened to a prerecorded message, that was an initial communication from Avadyne or a subsequent communication from Avadyne that did not contain the required 1692e(11) disclosures in the two years prior to the filing of this action.

45. Upon information and belief, in the two years prior to the filing of this action, there were more than 100 persons who received calls from Avadyne which did not contain the required 1692e(11) disclosures.

46. Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

a. Whether the calls were regarding "debts" as it is defined by the FDCPA

   b. Whether the prerecorded messages contained the required § 1692e(11) disclosures.

47. Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases of Avadyne's liability to Plaintiff and the other members of the class are the same: Avadyne violated the FDCPA by communicating with them regarding a debt, but not including the required disclosures.

48. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and he has retained counsel competent and experienced in class and complex litigation.

49. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of class members, such that joinder of all members is impracticable.

50. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

51. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they even

realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

52. The identity of the class is, on information and belief, readily identifiable from Defendant's records.

### COUNT I – TCPA – AUTOMATED TELEPHONE DIALING SYSTEM

53. Plaintiff incorporates by reference paragraphs 1-50 above.

54. Defendant contacted Plaintiff using an automated telephone dialing system, in violation of 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff Jesse Ackles, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

    A.    Certification of the class as alleged herein;

    B.    A declaration that Avadyne violated the TCPA as to Plaintiff and the class;

    C.    Injunctive relief aimed at ensuring the prevention of Avadyne from violating the TCPA in the future, including:

        1.    Requiring Avadyne to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of Avadyne's outbound calls to ensure that Avadyne had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis.

D. Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every nonconsensual call to each and every class member;

E. Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each violation;

F. Attorneys' fees and costs, as permitted by law; and

G. Such other or further relief as the Court deems just and proper.

## COUNT II – TCPA – ARTIFICIAL OR PRERECORDED VOICE

55. Plaintiff incorporates by reference paragraphs 1-50 above.

56. Defendant contacted Plaintiff using an artificial or prerecorded voice, in violation of 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff Jesse Ackles, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the class as alleged herein;

B. A declaration that Avadyne violated the TCPA as to Plaintiff and the class;

C. Injunctive relief aimed at ensuring the prevention of Avadyne from violating the TCPA in the future, including:

1. Requiring Avadyne to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of Avadyne's outbound calls to ensure that Avadyne had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the

above investigations to the Court and Plaintiff's counsel on a quarterly basis.

D. Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every call employing the use of an artificial or prerecorded voice to each and every class member

E. Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each violation;

F. Attorneys' fees and costs, as permitted by law; and

G. Such other or further relief as the Court deems just and proper.

## COUNT III – FDCPA - § 1692e(11)

57. Plaintiff incorporates by reference paragraphs 1-50 above.

58. Defendant contacted Plaintiff regarding a debt without providing the initial or subsequent disclosures required by 15 U.S.C. § 1692e(11) and 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff Jesse Ackles, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the class as alleged herein;

B. Damages pursuant to 15 U.S.C. 1692k(a)(2), for each violation of 15 U.S.C. § 1692e(11)

C. Reasonable attorneys' fees and costs under 15 U.S.C. § 1692k(a)(3); and

D. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

By: s/Michael W. Drew
One of Plaintiff's Attorneys

Michael W. Drew
**Neighborhood Legal LLC**
20 N. Clark Suite 3300
Chicago, IL 60602
Ph: (312) 967-7220
mwd@neighborhood-legal.com