## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JESSE ACKLES, individually and<br>on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:19-cv-08175 |
| vs. | ) | |
| | ) | Hon. John R. Blakey |
| H & R ACCOUNTS, INC. d/b/a AVADYNE<br>HEALTH., | ) | Magistrate Judge Jeffery Gilbert |
| | ) | |
| | ) | |
| Defendant. | ) | |

## INITIAL JOINT STATUS REPORT

1. All parties have been served.

2. Nature of the Case

        a.        <u>Plaintiff's Attorneys:</u>
                Michael W. Drew, Lead Attorney
                Neighborhood Legal, LLC
                20 N. Clark St. #3300
                Chicago, IL 60602
                312-967-7220
                mwd@neighborhood-legal.com

                <u>Defendant's Attorneys:</u>
                Kevin M. Cloutier
                David M. Poell
                kcloutier@sheppardmullin.com
                dpoell@sheppardmullin.com
                Sheppard, Mullin, Richter & Hampton LLP
                70 W. Madison Street, 48th Floor
                Chicago, IL 60602
                Phone: 312.499.6300
                Fax: 312.499.6301

                Shannon Z. Petersen, Lead Attorney (admitted *pro hac vice*)
                spetersen@sheppardmullin.com
                Sheppard, Mullin, Richter & Hampton LLP
                12275 El Camino Real, Suite 200

San Diego, CA 92130
Phone: 858.720.8900
Fax: 858.509.3691

b.      Basis for Federal Jurisdiction

This Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claims arise under a federal law, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). *See also* 15 U.S.C. § 1692k(d).   Defendant reserves the right to challenge whether Plaintiff has alleged a concrete injury-in-fact sufficient for Article III standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) and its progeny.

c.      Nature of the Claims

Plaintiff Jesse Ackles is bringing the lawsuit as a putative class action for alleged violations of the FDCPA.

The FDCPA requires debt collectors to provide certain disclosures in initial and subsequent communications with consumers. Failure to include these disclosures is a violation of the FDCPA, which provides statutory damages of up to $1,000 per action as well as attorney's fees and costs.

Plaintiff alleges that he received multiple phone calls from Avadyne regarding a debt in default, but that Avadyne did not include the required disclosures.

Avadyne denies that it violated the FDCPA, and it further denies that this case is suitable for class action treatment under Fed. R. Civ. P. 23.

d.      Major Legal and Factual Issues

- Whether Plaintiff has Article III standing to pursue his FDCPA claim in federal court.

- Whether Avadyne's calls to Plaintiff violated the FDCPA.

- Whether Avadyne is a "debt collector" as defined under Section 1692(a) of the FDCPA.

- Whether the debt at issue was in "default" when Avadyne made its calls to Plaintiff.

- Whether a class should be certified under Federal Rule of Civil Procedure 23.

- Whether merits discovery and class discovery should be bifurcated.

e.    Relief Sought

    Ackles seeks statutory damages for himself and an incentive award for being class representative. Ackles seeks a class award of either $1,000 per class member or a settlement fund of the lesser of $500,000 or 1% of Avadyne's net worth. Ackles also seeks reasonable attorney's fees and costs for his counsel.

4.    Pending Motions and Case Plan

    a. There are no pending motions.

    b. The undersigned certify compliance by parties and counsel with the MIDP standing order. *See* Dkts. 17 & 18 (notices of service of MIDP responses).

    c. Discovery and Case Management Plan

        i.    Both parties will issue written discovery, and each party anticipates needing at least 1-2 depositions for merits discovery. The parties also anticipate the need for electronic discovery and will agree on an ESI protocol.

Further, Avadyne submits that merits discovery and class discovery should be bifurcated, such that the Court will rule on the merits of Plaintiff's individual FDCPA claim prior to the initiation of any class discovery. Plaintiff does not object to bifurcated discovery.

ii.     The Parties are participating in the Court's Mandatory Initial Discovery Pilot Program, which imposes discovery obligations that supersede the disclosures required by Rule 26(a)(1). As noted above (¶ 4.b), the Parties have already exchanged their MIDP Responses in lieu of Rule 26(a)(1) disclosures.

iii.     Issue written discovery by: August 3, 2020

iv.     Merits-based fact discovery to close by: November 2, 2020

v.     Expert discovery is not anticipated at this point.

vi.     Dispositive motions by: December 15, 2020. Avadyne submits that class discovery should not begin until after the Court rules on Avadyne's motion for summary judgment on Plaintiff's FDCPA claim.

vii.     Tentative Trial Date of July 12, 2021

viii.     Parties will submit a proposed confidentiality order consistent with the Northern District of Illinois's model order.

ix.     HIPAA waivers specific to certain documents signed by Plaintiff and information containing protected health information (PHI) in Avadyne's possession will be needed.

d. A jury trial is requested. Ackles anticipates a 1-2 day trial.

-5-

5.      Counsel have advised their respective clients and there is not unanimous consent to proceed

before a magistrate judge at this time.

 6.      Settlement discussions have occurred and have been ongoing since filing. Plaintiff

rejected Defendant's most recent settlement offer on March 25, 2020.

At this point, the parties do not request a settlement conference.


Dated: June 30, 2020                                        Respectfully Submitted By:



/s/ Michael W. Drew                                        /s/David M. Poell_____

Michael W. Drew                                            Kevin M. Cloutier
Neighborhood Legal, LLC                                    David M. Poell
20 N. Clark St. #3300                                      kcloutier@sheppardmullin.com
Chicago, IL 60602                                          dpoell@sheppardmullin.com
312-967-7220                                               Sheppard, Mullin, Richter &
mwd@neighborhood-legal.com                                 Hampton LLP
                                                           70 W. Madison Street, 48th Floor
*Counsel for Plaintiff*                                    Chicago, IL 60602
                                                           Phone: 312.499.6300
                                                           Fax: 312.499.6301

                                                           Shannon Z. Petersen (admitted *pro
                                                           hac vice*)
                                                           spetersen@sheppardmullin.com
                                                           Sheppard, Mullin, Richter &
                                                           Hampton LLP
                                                           12275 El Camino Real, Suite 200
                                                           San Diego, CA 92130
                                                           Phone: 858.720.8900
                                                           Fax: 858.509.3691

                                                           *Counsel for Defendant*